IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**FRED HALL,**

    **Petitioner,**

v.                                       **Civil Action No.: 3:19-CV-134**
                                            **(GROH)**

**R. HUDGINS, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On August 19, 2019, Fred Hall, an inmate at Gilmer FCI, acting *pro se*, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1.[1] The Petitioner is challenging the validity of his conviction and sentence from the Western District of Michigan. There he entered a guilty plea to being a felon in possession of a firearm, while already on supervised release in the same district. As a result, Petitioner was sentenced to an above-Guidelines 96 months in prison.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice for lack of jurisdiction.

---

[1] All CM/ECF references refer to the instant action, 3:19-CV-134, unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Conviction and Sentence in the Western District of Michigan[2]

On June 2, 2015, a grand jury charged Petitioner with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 921(a) and 924(a)(2), in case number 1:15-CR-93, in the Western District of Michigan. ECF No. 9.

On July 13, 2015, the parties filed a written and signed plea agreement with the Court which provided:

> 1) Defendant Agrees to Plead Guilty. Defendant agrees to plead guilty to the Indictment. The Indictment charges Defendant with being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(I).
>
> 2) Defendant Understands the Crime. In order for Defendant to be guilty of violating Title 18, United States Code, Sections 922(g)(I), the following must be true:
>
> > a) First, Defendant must have been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;
> >
> > b) Second, Defendant must have knowingly possessed a firearm; and
> >
> > c) Third, the firearm must have traveled in or affected interstate commerce.

ECF No. 16. Petitioner entered his plea of guilty to the single-count indictment on July 17, 2015. ECF Nos. 18, 20. On August 3, 2015, the district judge adopted the July 17, 2015, Report and Recommendation of the magistrate judge who accepted Petitioner's plea. ECF Nos. 20, 22.

The government filed a sentencing memorandum on October 20, 2015, which

---

[2] All CM/ECF references in facts sections II.A., II.B., and II.C. refer to entries in the docket of Criminal Action No. 1:15-CR-93, in the Western District of Michigan.

2

outlined certain provisions of the Presentence Report, including the proposed four-level enhancement for possessing the firearm in connection with another felony offense and for denial of the two-level reduction for acceptance of responsibility. ECF No. 28 at 1. The government also asked the Court to impose either an upward departure from the Guidelines or an upward variance under 18 U.S.C. § 3553, or both.[3] ECF No. 28 at 11. On October 26, 2015,[4] the district court sentenced Petitioner to 96 months of imprisonment. ECF No. 30.

### B. Direct Appeal

Petitioner filed a notice of appeal of his conviction and sentence on November 10, 2015. ECF No. 32. By opinion issued November 16, 2016, the Court of Appeals for the Sixth Circuit affirmed the judgment of the district court. United States v. Hall, 664 Fed. Appx. 479 (6th Cir. 2016).

### C. Motion to Vacate

Petitioner next filed[5] a motion to vacate under 28 U.S.C. § 2255 on May 21, 2018. ECF No. 37. By order entered May 24, 2018, the district court denied Petitioner's motion to vacate as untimely. ECF No. 38. The Court noted that Petitioner entered a plea pursuant to a plea agreement in July 2015, was sentenced in October 2015, and that his conviction and sentence were affirmed by the Sixth Circuit in November 2016. Id. at 1. The mandate for that decision issued on

---

[3] The advisory Guidelines range was 51 to 63 months of imprisonment. See United States v. Hall, 664 Fed. Appx. 479, 480 (6th Cir. 2016).

[4] The Court notes that sentence was imposed on October 26, 2015, but judgment was not entered by the Clerk until October 29, 2015.

[5] The motion was initially filed in a separate civil action, 1:18-CV-570, in the Western District of Michigan, but was transferred to be considered as part of the criminal proceeding, 1:15-CR-93.

3

December 9, 2016.  Id.  The Court cited to the Antiterrorism and Effective Death Penalty Act (AEDPA) which established a one-year time period from the date a conviction becomes final during which time a prisoner must file his or her petition.  The Court found that Petitioner's conviction became final on March 9, 2017, and thus Hall had until March 9, 2018, to file his motion.  Id.  However, "[h]e did not file his motion under § 2255 until May 2018, approximately two months after the time period expired."  Id. at 2.

The Court denied Petitioner's motion for relief under § 2255 as untimely, and found that a certificate of appealability should not issue.  ECF No. 38.

### D.     Claims in the Instant § 2241 Petition

Petitioner instituted this action on August 19, 2019, challenging both his conviction and sentence imposed in the Western District of Michigan, case number 1:15-CR-93.  ECF No. 1.  In his petition, Petitioner asserts three claims for relief: (1) that he meets the savings clause of 28 U.S.C. § 2255; (2) that his sentence was improperly enhanced through the use of a crime Petitioner was never charged with; and (3) that he is actually innocent based on the ruling in Rehaif v. United States, 139 S.Ct. 2191 (2019).  ECF Nos. 1 at 5 – 6; 1-1

Petitioner requests that the Court vacate his sentence.  ECF No. 1 at 8.  In support of his request, the Petitioner argues that § 2255 is inadequate or ineffective to test the legality of his detention because "new and relevant case law was not available" previously.  Id. at 9.

In his memorandum in support of his petition, Petitioner argues that based on Rehaif, the government failed to prove he acted knowingly when he violated 18 U.S.C. §

922(g), and thus his conviction is unconstitutional. ECF No. 1-1 at 4 – 5.

### III. LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b), Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. *Pro Se* Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[6] is designed largely to discourage the filing

---

[6] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

> of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

## IV.　ANALYSIS

Although articulated as three grounds for relief, it appears Petitioner asserts only two grounds[7] for relief: (1) that based on the holding of Rehaif he is actually innocent of the offense of conviction [ECF No. 1 at 6]; and (2) that his sentence was improperly enhanced [Id.].

### A.　Petitioner's Challenge to his Conviction

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type

---

As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

[7] Petitioner's first ground for relief is that he meets the savings clause of § 2255, which is necessary for consideration of his two substantive claims under § 2241.

of detention, and prison conditions in the facility where incarcerated.  Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[8] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[9] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is

---

[8] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[9] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34. Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

8

> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.  Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

Petitioner essentially raises a single claim as to his conviction.  He asserts that his conviction is invalid because of the Supreme Court's holding of Rehaif which required the Government to prove both (1) that defendant knowingly possessed a firearm, and (2) that the defendant knew he was prohibited from possessing a firearm.  Further, Petitioner asserts that he is actually innocent of violating 18 U.S.C. § 922(g) based on the holding of Rehaif.  ECF No. 1.  Because Petitioner's direct appeal rights have expired and Petitioner has already filed at least one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause.

Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.  Because Petitioner is challenging his conviction in a § 2241,

he must meet all three prongs of the Jones test to challenge his conviction for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first and third prongs of the Jones test, he cannot meet the second prong. Subsequent to Petitioner's direct appeal and first section 2255 motion, the substantive law related to the conduct of which Petitioner was convicted has not changed so that that conduct is no longer deemed to be criminal.[10] The crime Petitioner was convicted of committing—being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)—is still a violation of law. Therefore, Petitioner cannot satisfy the second prong of Jones. Consequently, because Petitioner in attacking the validity of his conviction fails to establish that he meets the Jones requirements, he has not demonstrated that a section 2255 petition is an inadequate or ineffective remedy, and he cannot meet the savings clause.

Accordingly, because Petitioner cannot satisfy the savings clause of § 2255(e) under Jones, his challenge to his conviction may not be considered under § 2241, and

---

[10] The Supreme Court in Greer v. United States, 141 S.Ct. 2090 (June 14, 2021) (vacating and remanding United States v. Gary, 954 F.3d 194 (4th Cir. 2020)), held that the government's failure to prove the element of knowingly being a person in a prohibited class is not a structural error. The Court explained that it "has repeatedly made clear [that] the 'general rule' is that 'a constitutional error does not automatically require reversal of a conviction," and that "[o]nly in a 'very limited class of cases' has the Court concluded that an error is structural, and 'thus subject to automatic reversal' on appeal." Id. at 2099 (internal citations omitted).

Further, the Court noted that its "precedents make clear, the omission of a single element from jury instructions is not structural. . . . And it follows that a *Rehaif* error in a plea colloquy is likewise not structural. The omission of that *mens rea* element from a plea colloquy—like the omission of that *mens rea* element from jury instructions—does not affect the entire framework within which the proceeding occurs." Id. at 2100.

The Court found Gary, who was convicted of being a felon in possession of a firearm based upon his plea to that offense, "admitted that he was a felon when he pled guilty." Id. at 2098. Further, the Court noted that before his felon in possession offense, Gary "had been convicted of multiple felonies. Those prior convictions are substantial evidence that [he] knew [he was a] felon" and that he never disputed the fact of his prior convictions. Id. at 2097 – 98. Petitioner appears almost identically situated to Gary: Petitioner had multiple prior felony convictions, did not dispute those prior convictions and at his plea admitted he knew he was prohibited from possessing firearms.

this Court is without jurisdiction to consider that challenge.

Further, even if Petitioner could meet all three prongs of the Jones test, his claims do not merit relief. Petitioner argues that in the wake of the Supreme Court's decision in Rehaif, he is actually innocent of his conviction under 18 U.S.C. § 922(g). Section 922 (g) provides that "it shall be unlawful for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition, including felons …. A separate provision, § 924(a)(2), adds that anyone who *knowingly* violates the first provision shall be fined or imprisoned for up to ten years." Rehaif, 139 S. Ct. at 2194; *see also* 18 U.S.C. § 922(g). In Rehaif, the Supreme Court held that the "the word knowingly applies both to the defendant's conduct and to the defendant's status. To convict the defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." Rehaif, 139 S.Ct. at 2194. Petitioner argues that Rehaif renders his conviction invalid because the Government did not prove that he knowingly possessed a firearm and knowingly was prohibited from doing so. ECF No. 1-1 at 3 – 5.

However, Petitioner pled guilty to violating 18 U.S.C. §§ 922(g)(1). ECF No. 33 at 11:18 – 12:12. Furthermore, when he committed that offense, Petitioner was already on supervised release from an earlier conviction for being a felon in possession of a firearm, in the Western District of Michigan, case number 1:04-CR-114.[11] Id. During the plea colloquy with the Court, the Petitioner made the following admissions:

> THE COURT: Okay. Now, was-- Did you offer this--
> Where did you have [ ] the shotgun?

---

[11] Petitioner's 3-year term of supervised release in 1:04-CR-114, followed a 96-month term of imprisonment, and was revoked on October 29, 2015, based on six violations, including Petitioner's conviction and sentence for possession of a firearm in 1:15-CR-93. W.D.Mich. 1:04-CR-114, ECF Nos. 72, 77.

11

      THE DEFENDANT: A friend of mine brought it to the house.
      THE COURT: Okay. So you were just acting as a middleman?
      THE DEFENDANT: Yep.
      THE COURT: Had you-- And did this occur on or about October of 2014?
      THE DEFENDANT: Yes, ma'am.
      THE COURT: And your home was in [the Western District of Michigan], I think you said?
      THE DEFENDANT: Yes, ma'am.
      THE COURT: Okay. And had you previously been convicted of a felony?
      THE DEFENDANT: Yes, ma'am.
      THE COURT: And was at least one of those felonies a federal felony for being a felon in possession of a firearm?
      THE DEFENDANT: Yes, ma'am.
      THE COURT: And did you know you were not supposed to possess a firearm?
      THE DEFENDANT: Yes, ma'am.

E.D.Mich. 1:15-CR-93, ECF No. 33 at 20. Petitioner's admission included that both: (1) that he knowingly possessed a firearm; and (2) that he knew he was prohibited from possessing firearms. Further, the Sixth Circuit, has already affirmed several pre-Rehaif convictions based on guilty pleas. Brown v. United States, 2021 WL 2470311 at *3 (6th Cir. May 21, 2021) ("we have held that a district court's failure to advise a defendant of the knowledge-of-status element is not a structural error that automatically invalidates a § 922(g) conviction." citing United States v. Watson, 820 F. App'x 397, 400-01 (6th Cir. 2020) (collecting cases), *petition for cert. filed* (U.S. Oct. 14, 2020) (No. 20-6109); Hobbs, 953 F.3d at 857-58); Kelley v. United States, 2021 WL 2373896 (6th Cir. Feb. 5, 2021) (where defendant acknowledged that he had prior felony convictions for which he had served terms of imprisonment exceeding one year); United States v. Beck, 842 Fed. Appx. 1010 (6th Cir. 2021) (after Rehaif was decided defendant pled guilty to being a felon in possession pursuant to a superseding indictment which included the

12

knowing element).

The Fourth Circuit has recognized that, "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Attorney General of State of Md., 956 F.2d 1290, 1299 (4th Cir. 1992) (citing Blackledge v. Allison, 431 U.S. 63, 74–75 (1977); Little v. Allsbrook, 731 F.2d 238, 239–40 n. 2 (4th Cir.1984). The Fourth Circuit has further addressed the reliability of a person's statements made during a plea colloquy in United States v. Lemaster, 403 F.3d 216, 221 – 222 (4th Cir. 2005) (internal citations omitted):

> [A] defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity,' ", because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. "Indeed, because they do carry such a presumption, they present 'a formidable barrier in any subsequent collateral proceedings.' " …. Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated-"permit[ting] quick disposition of baseless collateral attacks."

Petitioner made solemn declarations in open court that he knew he had a firearm and knew that he was prohibited from possessing that weapon. The truth of his sworn statement is thus conclusively established. Further, the Sixth Circuit, where Petitioner was convicted, has repeatedly upheld challenges to convictions on Rehaif grounds where the convictions were obtained through guilty pleas. Accordingly, even if this Court were to consider the merits of Petitioner's challenge to his conviction, his claim fails.

### B. Petitioner's Challenge to his Sentence

As to his challenge to his sentence, even if Petitioner meets the other prongs of

13

Wheeler, Petitioner cannot meet the second prong, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review. Being a prohibited person in possession of a firearm remains a federal criminal offense under 18 U.S.C. § 922(g). Accordingly, Petitioner cannot meet the second prong of the Wheeler test. However, a Petitioner who challenges his sentence in a § 2241, must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear any challenge on the merits. Because Petitioner cannot meet the second prong of the Wheeler test, Petitioner fails to satisfy the § 2255(e) savings clause and this Court need not consider whether he meets the other prongs of Wheeler[12]. Further, the Court notes that Petitioner has already sought and been denied relief under § 2255, in the Western District of Michigan, case 1:15-C4-93, ECF No. 38.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition as to his challenge to his sentence. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

---

[12] The Court further notes that Petitioner cannot satisfy the second Wheeler prong because the case he relies on, Rehaif, has not been ruled to apply retroactively to cases on collateral review. Since the Supreme Court's decision in Rehaif, several courts within the Fourth Circuit have held that Rehaif did not change substantive law because the conduct for which the petitioner was convicted is still illegal. Hill v. Warden, FCI McDowell, 2021 WL 4443068 (S.D.W.Va. September 28, 2021); Davis v. Streeval, 2021 WL 4432514 (W.D.Va. September 27, 2021); Seller v. Dobbs, 2021 WL 4059733 (D.S.C. September 7, 2021); Goldwire v. Warden, 2021 WL 4026072 (D.S.C. September 3, 2021); Albritton v. Warden, 2021 3432845 (E.D. VA. August 4, 2021); See also Williams v. U.S., 2019 WL 6499577 (W.D.N.C. December 3, 2019) (holding that Rehaif "did not announce a new rule of Constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g).")

## V.     RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition **[ECF No. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

The Court further **RECOMMENDS** that the motion for expedited decision [ECF No. 25] be **TERMINATED as MOOT**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his

last known address as reflected on the docket sheet, and to all counsel of record by electronic means.

**DATED**:  October 22, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE