**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**FRED HALL,**

          Petitioner,

**v.**                                                                **CIVIL ACTION NO.: 3:19-CV-134
(GROH)**

**R. HUDGINS,**

          Respondent.

**<u>ORDER OVERRULING OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble.  Pursuant to the Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R.  Magistrate Judge Trumble issued his R&R on October 22, 2021.  ECF No. 28.  Therein, Magistrate Judge Trumble recommends that this Court deny the Petitioner's § 2241 Petition and dismiss the same without prejudice for lack of jurisdiction.

This Court granted the Petitioner's Motion for an Extension of Time, extending his objections deadline to December 20, 2021.  ECF No. 31.  The Petitioner timely filed objections to the R&R on November 29, 2021.  ECF No. 32.  Accordingly, the Petition is ripe for review.

## I. BACKGROUND

On July 17, 2015, the Petitioner entered a plea of guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  ECF Nos. 18, 20 in

1:15-CR-93-PLM-1.  The United States District Court in the Western District of Michigan sentenced the Petitioner to 96 months of imprisonment on October 26, 2015.  ECF No. 30 in 1:15-CR-93-PLM-1.  The Petitioner appealed his conviction and sentence, but the United States Court of Appeals for the Sixth Circuit affirmed the judgment of the district court.  United States v. Hall, 664 Fed. Appx. 479, 485 (6th Cir. 2016).  Next, the Petitioner filed a motion to vacate under 28 U.S.C. § 2255, which the Western District of Michigan denied as untimely.  ECF No. 38 in 1:15-CR-93-PLM-1.

The Petitioner filed the instant § 2241 petition on August 19, 2019, wherein he challenges both his conviction and sentence as imposed by the Western District of Michigan.  ECF No. 1.  In his petition, the Petitioner presents three arguments to support his claim for relief: (1) that he meets the savings clause of 28 U.S.C. § 2255; (2) that his sentence was improperly enhanced when the court considered a crime the Petitioner was never charged with; and (3) that he is actually innocent based on the ruling in Rehaif v. United States, 139 S.Ct. 2191 (2019).  For relief, the Petitioner requests that this Court vacate his sentence.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v.

Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Pursuant to this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection."  LR PL P 12(b).  The Local Rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation."  LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary."  Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W.Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review."  Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).  "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review."  Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection.  See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review).  Bare statements

"devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Id. at 766.  Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12.  Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented two new arguments in his objections to the magistrate judge's R&R.  First, the Petitioner objects to the magistrate judge's finding that he cannot satisfy all the prongs of the Wheeler test.  Second, the Petitioner now claims that he is actually innocent because the government failed to prove that he was ever in possession of a firearm.  The Court will consider each objection in turn.

### A. Petitioner's Objection to the Magistrate Judge's Finding that He Cannot Satisfy the Wheeler Test

A petitioner who challenges his sentence pursuant to § 2241 must meet all four prongs of the Wheeler test in order for this Court to have jurisdiction to hear his challenge on the merits.[1]  In the R&R, the magistrate judge found that "even if Petitioner meets the

---

[1] When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be an "inadequate or ineffective" avenue for relief only when *all* four of the following conditions are satisfied:

(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

(3) the prisoner is unable to meet the gatekeeping provisions

4

other prongs of <u>Wheeler</u>, Petitioner cannot meet the second prong, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review." ECF No. 28 at 14. Here, as the magistrate judge noted, "[b]eing a prohibited person in possession of a firearm remains a federal criminal offense under 18 U.S.C. § 922(g)."[2] ECF No. 28 at 14.

In his objection, the Petitioner argues that the holding in <u>Rehaif</u> constitutes a substantive rule and should be applied retroactively. The Petitioner cites to <u>Schriro v. Summerlin</u>, wherein the Supreme Court held that "[n]ew *substantive* rules generally apply retroactively." 542 U.S. 348, 351-52 (2004) (emphasis in original). A substantive rule is one that "alters the range of conduct or the class of persons that the law punishes." <u>Id.</u> at 353.

In <u>Rehaif</u>, the Supreme Court held that "the word knowingly applies both to the defendant's conduct and to the defendant's status. To convict the defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S.Ct. at 2194. The Petitioner claims that the holding in <u>Rehaif</u> "narrowed the class of offenders" that could

---

of § 2255(h)(2) for second or successive motions; and
    (4)  due to this retroactive change, the sentence now presents
       an error sufficiently grave to be deemed a fundamental defect.
<u>Wheeler</u>, 886 F.3d at 429.

[2] The Petitioner pled guilty to one count of being a prohibited person in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). The relevant portion of § 922(g) still reads
    It shall be unlawful for any person—
        (1)  who has been convicted in any court of, a crime punishable by imprisonment for a term
          exceeding one year; . . .
   to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
18 U.S.C. § 922(g).

be punished by the statute.  ECF No. 32 at 2.   However, Rehaif does not change the class of offenders that can be prosecuted under § 922(g).  Instead, when the government does prosecute a person belonging to one of the established prohibited classes, the government must prove that person knew they belonged to a prohibited class.  The same classes of people that were prohibited from possessing a firearm before Rehaif are still prohibited from possessing a firearm after Rehaif.  Further, the Court in Rehaif did not redefine the standards for felon status, possession, firearms or ammunition.  Therefore, the holding in Rehaif is not a substantive rule and it does not apply on collateral review.

Several district courts within the Fourth Circuit have found that Rehaif does not apply retroactively to cases on collateral review.   Miller v. Streeval, No. 7:20-cv-00314, 2021 WL 4394261, at *4 (W.D. Va. Sept. 24, 2021) (holding that "to the extent Miller challenges his sentence under Wheeler, the Supreme Court did not indicate that Rehaif was retroactively applicable to cases on collateral review"); Williams v. United States, No. 3:17-cr-00241, 2019 WL 6499577, at *2 (W.D.N.C. Dec. 3, 2019) ("[T]he Supreme Court did not make Rehaif retroactive to cases on collateral review."); Waters v. United States, No. 4:15-cr-158, 2019 WL 3495998, at *5 (D.S.C. Aug. 1, 2019) (denying motion to appoint counsel to present a Rehaif claim in part because "there is no indication that the Supreme Court has made the holding in Rehaif retroactively applicable to invalidate an otherwise final conviction under § 922(g)").  Additionally, courts within the Fourth Circuit have held that Rehaif did not change substantive law because the underlying conduct remains illegal. Parrish v. Young, No. 5:20-00710, 2021 WL 3504643, at *4 (S.D.W. Va. July 13, 2021) ("Rehaif did not change substantive law. Courts within the Fourth and Sixth Circuits have held that Rehaif did not change substantive law if the conduct for which the petitioner was

convicted is still illegal and being a felon in possession of a firearm is still a valid criminal offense."), *proposed findings and recommendation adopted by* 2021 WL 3503228 (S.D.W. Va. Aug. 9, 2021); Davis v. Streeval, No. 7:20-cv-00218, 2021 WL 4432514, at *3 (W.D. Va. Sept. 27, 2021) ("Rehaif did not change substantive law 'such that the conduct of which the prisoner was convicted is deemed not to be criminal[,]' Jones, 226 F.3d at 334, because that conduct, being a felon in possession of a firearm, is still illegal"); Asar v. Travis, No. 6:20-394-BHH, 2020 WL 3843638, at *2 (D.S.C. July 8, 2020), *aff'd as modified*, 858 F. App'x 676 (4th Cir. 2021) ("[B]eing a felon in possession of a weapon remains a valid criminal offense, and Petitioner pleaded guilty to the offense, thus admitting the facts essential to a conviction under § 922(g)").

Because the holding in Rehaif does not apply on collateral review, the Petitioner cannot satisfy the second prong of the Wheeler test.  Accordingly, the Petitioner's objection to the magistrate judge's finding that he cannot satisfy the Wheeler test is **OVERRULED**.

### B. Petitioner's Claim of Actual Innocence

The Petitioner now claims that he is actually innocent of a crime because he was never in possession of a firearm.  This argument was not raised in his petition.  In his objection, the Petitioner states that the "firearm was delivered to the police department by another individual [NOT Mr. Hall] with said individual 'claiming' that Mr. Hall gave him a firearm."  ECF No. 32 at 4.  The Petitioner now argues that the government did not prove he actually possessed a firearm, so he is innocent of a crime.

At the Petitioner's change of plea hearing in the Western District of Michigan, Judge Carmody informed the Petitioner that the government would have to prove that he "knowingly possessed the firearm."  ECF No. 33 at 5:21 in 1:15-CR-93-PLM-1.  When

asked what evidence would have been offered at trial, the government stated that it "would offer evidence establishing the defendant was in knowing possession of a shotgun … in or about October of 2014, in Newaygo County."  ECF No. 33 at 18:1-5 in 1:15-CR-93-PLM-1.  More specifically, the government stated that it would prove "knowledge of the defendant's possession" through "the fact the defendant was offering up the shotgun to a third party for purchase or for the third party's use during hunting season, indicating the knowledge he had a weapon that would be used for gun season, in the fall of 2014." ECF No. 33 at 18:16-21 in 1:15-CR-93-PLM-1.

During his plea colloquy, the Petitioner admitted to the court that he "had a guy bring a shotgun over to me, to the house."  ECF No. 33 at 19:1-2 in 1:15-CR-93-PLM-1. When asked if he was acting as a middleman for the gun purchase, the Petitioner answered affirmatively.  ECF No. 33 at 20:5-10 in 1:15-CR-93-PLM-1.  Further, when the court asked the Petitioner if he knew he was not supposed to possess a firearm, he answered affirmatively.  ECF No. 33 at 20:20-22 in 1:15-CR-93-PLM-1.  At the Petitioner's sentencing hearing, the government explained that, after the Petitioner failed to sell the firearm, he left it at another individual's house who subsequently brought it to the attention of law enforcement. ECF No. 34 at 35:5-8 in 1:15-CR-93-PLM-1.

While the Petitioner may now feel that the government could not prove he actually possessed a firearm, the Petitioner pled guilty to that element of the offense.  ECF Nos. 33-34 in 1:15-CR-93-PLM-1.  The Fourth Circuit has recognized that, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Attorney General of State of Md., 956 F.2d 1290, 1299 (4th Cir. 1992) (citing Blackledge v. Allison, 431 U.S. 63, 74–75 (1977);

<u>Little v. Allsbrook</u>, 731 F.2d 238, 239–40 n.2 (4th Cir.1984).   Moreover, the element of possession, within § 922(g)(1), "may be established with proof of either actual or constructive possession."   <u>United States v. Scott</u>, 424 F.3d 431, 435 (4th Cir. 2005). "Actual possession" is defined as "[p]hysical occupancy or control over property," while "constructive possession" is defined as "[c]ontrol or dominion over a property without actual possession or custody of it." <u>Possession</u>, Black's Law Dictionary (11th ed. 2019). Similarly, constructive possession, as defined by the Fourth Circuit, occurs when a person "exercises, or has the power to exercise, dominion and control over an item of property." <u>Scott</u>, 424 F.3d at 435 (cleaned up).

Given that the Defendant admitted he had the shotgun in his home and was acting as a middleman in its sale, a factual basis exists to find that the Petitioner was in either actual or constructive possession of a firearm.   Therefore, the Petitioner's objection raising a claim of actual innocence due to never having possessed a firearm is **OVERRULED**.

### IV. CONCLUSION

For the foregoing reasons, this Court finds that Magistrate Judge Trumble's R&R carefully considered the record and applied the appropriate legal analysis, and it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 28] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.

Accordingly**,** the Petitioner's  Petition [ECF No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.   The Petitioner's Motion for Expedited Decision [ECF No. 25] is **TERMINATED AS MOOT.**

This matter is **ORDERED STRICKEN** from the Court's active docket.  The Clerk of Court is **DIRECTED** to mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: February 2, 2022

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE